INGRAM, Justice.
Pursuant to Ala.Code 1975, § 6-6-750 et seq. (the “validation law”), the trial court validated the issuance and sale of certain “limited obligation refunding warrants.” The taxpayers and citizens of Shelby County appeal.
On December 27, 1993, the Shelby County Commission adopted Resolution 93-12-27-15, which authorized the issuance and sale of its “limited obligation refunding warrants” in a principal amount not exceeding $30,000,000. In February 1994, this resolution was amended and superseded by Resolution 94-02-12-10. The issuance of the warrants was authorized pursuant to Ala.Code 1975, § 11-28-2 (the “warrant law”), for the purposes of refunding, in advance of their respective maturities, the following indebtednesses: (A) the courthouse warrants, (B) the sewer warrants, and (C) the Series 1990-B warrants. Basically, the Shelby County Commission made a decision to refinance certain debts because of a substantial drop in interest rates.
Pursuant to Act No. 93-188, Ala.Acts 1993, a special sales tax (the “special tax”) has been levied in Shelby County by the Shelby County Commission. The special tax is generally parallel to the statewide sales tax and consists of a privilege or license tax on persons engaged in the business of selling at retail in the County any tangible personal property or engaged in the business of conducting places of amusement or entertainment in the county, generally measured by the gross receipts of such business.
The special tax provides that proceeds of the tax may be used only to pay indebtedness of the County that existed on the effective date of the act providing for the special tax and that the special tax may be collected only until all of the indebtedness payable therefrom has been retired and in no event for more than 10 years. The special tax was first levied and collected on June 1, 1993.
The warrant resolution provides that the indebtedness evidenced and ordered paid by the warrants shall be a limited obligation of the County payable solely from, and secured by a pledge of, the proceeds of the special tax.
The trial court held that Shelby County and the Shelby County Commission met all of the requirements of the validation law. Specifically, the trial court held:
“All proceedings and all acts, conditions and things required to happen, exist or be performed precedent to or in the adoption of the Warrant Resolution had happened, did exist and had been performed at or before the adoption thereof, in the manner and in the time required by the Constitution and laws of the State of Alabama.
[[Image here]]
“The warrants will not constitute a debt or indebtedness of Shelby County under the provisions of Section 224 of the Constitution of Alabama.
“... [I]n a statutory validation proceeding such as this it is not the duty or role of the Court to pass upon the wisdom or prudence of the financing arrangements relating to the proposed Warrants or the undertakings financed by any of the Refunded Warrants ..., but rather to determine the essential legality and validity of the legal arrangements relating to the Warrants.... The answers and defense, after consideration of proof, have shown no cause why the prayer of the Plaintiffs should not be granted and have disclosed no illegality in the proceedings of the County Commission of the County or in the Warrants or the covenants, agreements and obligations therein or in the proceedings authorizing the same, and the defenses and objections in said answers should be and they hereby are overruled.”
The taxpayers contend that the trial court erred in validating the warrants, because they argue that the warrants constitute a *261 debt or indebtedness of the County under the provisions of Amendment 342 (amending Art. XII, § 224) of the Constitution of Alabama. In support of their argument, the taxpayers cite Taxpayers & Citizens of the Town of Georgiana v. Town of Georgiana, 265 Ala. 654, 93 So.2d 493 (1956).
Amendment 342 (amending § 224, Ala. Const. 1901) provides in part as follows: “No county shall become indebted in an amount including present indebtedness, greater than five per centum of the assessed value of the property therein.”
The purpose of this provision is to curb excessive indebtedness by counties and thus protect the taxpayers against excessive and unnecessary burdens. Town of Georgia-na, supra (applying related provision of § 225 relating to municipalities). This provision is intended to limit the burden imposed upon taxpayers by new obligations and to stabilize the economic position of the county. Norton v. Lusk, 248 Ala. 110, 26 So.2d 849 (1946). It is directed against indebtedness and is not directed to purposes for which indebtedness is incurred. Wharton v. Knight, 241 Ala. 218, 2 So.2d 310 (1941). While courts must be careful to see that the indebtedness limitation is strictly observed, they should remember that the limitation is aimed at actual, rather than theoretical, indebtedness, and they should look to substance rather than mere form. Taxpayers & Citizens of Shelby County v. Shelby County, 246 Ala. 192, 20 So.2d 36 (1944). The restrictions in § 224 and Amendment 342 are intended to guard against “extravagant or unwise expenditure of public funds.” Shelby County, 246 Ala. at 196, 20 So.2d at 39.
In Town of Georgiana the town attempted to adopt an ordinance authorizing the issuance of “tax anticipation warrants” for the purpose of obtaining money to build a public hospital. To pay for the warrants, the town also adopted an ordinance levying a privilege and license tax against all persons. This tax was in addition to all other taxes and provided that the proceeds of the tax were pledged for payment of the principal of, and interest on, the warrants. It provided, however, that, if necessary, the,revenue accruing from the tax must be applied first to pay the essential and legitimate governmental expenses of operating the town.
The trial court held the warrants valid, but this Court reversed, holding that by the issuance of the warrants the municipality would become “indebted” within the meaning of § 225 of the Constitution. This Court held that limited obligation warrants of a municipality secured by a pledge of proceeds of a gross receipts tax levied by that municipality did constitute a debt for purposes of the Alabama Constitution. This Court held that “[a]ny obligation ... which directly or indirectly increases the burden of taxation, is a debt in the constitutional sense.” Town of Georgiana, 265 Ala. 654, 657, 93 So.2d 493, 496.
However, the present case is distinguishable from Town of Georgiana. In Town of Georgiana, the governing body of the municipality levied a broad-based gross receipts tax and pledged the proceeds thereof to the payment of the proposed warrant issue. The proceeds would otherwise have been available for general municipal purposes. The pledge of the tax for the payment of the warrants could have indirectly imposed a greater burden on the taxpayer because of the fact that revenues otherwise available for general municipal purposes were being displaced.
The facts of this case, however, are different from those in Town of Georgiana. If the pledge of the Shelby County special tax affects taxation, it could result in reducing rather than increasing taxes for the County’s citizens. The special tax has been levied for the purpose of retiring existing debt of the County and, in the absence of revocation of the levy by the governing body of the County, it will continue in effect even if the warrants are never issued. Here, a reduction in debt service could result in an earlier retirement of the balance of all outstanding debt of the County; that earlier retirement would then result in the termination of the special tax at a date earlier than 10 years from the date of the first levy.[1] An *262 early termination of the special tax, rather than imposing an additional burden on the citizens, would be an unexpected relief from a burden that, without the issuance of the warrants, will continue for the full 10-year period authorized for the collection of the special tax.
Additionally, the warrants proposed to be issued in Town of Georgiana had as then-source of payment revenues that otherwise would have been available for general municipal purposes and those warrants would thus constitute a debt in the constitutional sense. Here, however, the warrants the County proposed to issue have as their source of payment a limited, specified source of funds not otherwise available for payment of general municipal expenses. The warrants here are neither secured by nor payable out of the general credit of the County. A single source of revenue has been secured for the payment of the warrants, and it is to this source alone that a warrant holder must look for payment. The County has made no promise to pay in the event that the proceeds of the special tax are insufficient; neither has the County pledged that the proceeds will be sufficient; nor is there a pledge of the general credit of the County. Rather, the warrant resolution limits the payment source of the warrants to the proceeds of the special tax and states that the warrants are limited obligations of the County, not subject to payment from any other source or funds of the County if the proceeds of the special tax prove inadequate. There is no guarantee offered that the revenues derived from the special tax will be adequate to pay the debt service secured thereby.
The proceeds of the special tax cannot be mingled with funds available for general municipal purposes, but are to be deposited into a special account “to be used exclusively to pay off the indebtedness of the county that is existing on the effective date of this act.” Act 93-188, § 8.
Here, the County made a decision to refinance certain debts because of a substantial drop in interest rates, and it was presented with an opportunity that could very well benefit the taxpayers of Shelby County. The pledge of the special tax to the payment of the proposed warrants will not increase taxation and may actually decrease the tax burden currently borne by the County’s citizens. This is certainly not the type of situation that § 224 and Amendment 342 were intended to prevent. “After all, it is a practical proposition, and the constitutional limitation should be viewed from a common-sense standpoint.” Shelby County, supra, 246 Ala. at 196, 20 So.2d at 39. Therefore, bearing in mind the purpose of their enactment, we hold that neither the resolution nor the act authorizing the issuance of the warrants and securing the payment thereof constitutes a debt or indebtedness for purposes of § 224 and Amendment 342 of the Constitution of Alabama.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and COOK, JJ., concur.
ALMON and SHORES, JJ., dissent.

. Section 8 of Act 93-188, which provides for the levy of the special tax, states that "[u]pon certifi *262 cation by the chair of the county commission that such county indebtedness has been retired and that it no longer exists, or upon the expiration of 10 years from the first levy of this tax by the Shelby County Commission, whichever event first occurs, the tax levied pursuant to this act shall terminate and the provisions of this act and the tax shall automatically become null and void.” (Emphasis added.) Thus, the special tax expires on the earlier of 10 years from the first levy or the retirement of all County debt existing at the time of the levy.